**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CESAR MATEO,

                              Plaintiff,

            - v -                                               Civ. No. 9:10-CV-1254
                                                                            (MAD/RFT)

DANIEL F. MARTUSCELLO, *Superintendent of Coxsackie*
*Corr. Facility, sued in both individual and official capacity*,

                              Defendant.

**APPEARANCES:**                                    **OF COUNSEL:**

CESAR MATEO
Plaintiff, *Pro Se*
#09476414R
R.N.D.C.
11-11 Hazen Street
East Elmhurst, NY 11370

HON. ERIC T. SCHNEIDERMAN                  ADAM SILVERMAN, ESQ.
New York State Attorney General                    Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

    *Pro se* Plaintiff Cesar Mateo brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that the visitation policy at Coxsackie Correctional Facility ("Coxsackie") "is not in the best of [his] interest and does not maximize [his] rehabilitation process[.]" Dkt. No. 1, Compl., at ¶ 8. Pending before this Court is Defendant's Motion for Summary Judgment under Federal Rule of Civil Procedure 56(b). Dkt. No. 25. Plaintiff opposes the Motion. Dkt. No. 27. For the reasons that

follow, this Court recommends that Defendant's Motion be **granted** and Plaintiff's Complaint be **dismissed** in its entirety.

## I. BACKGROUND

Plaintiff initiated this action on October 20, 2010, when he filed a Complaint against three named Defendants and several unnamed John Does, all of whom Plaintiff alleged violated his constitutional rights. *See* Compl. Upon granting Plaintiff permission to proceed with this matter *in forma pauperis*, the Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 1915(e), dismissed virtually all of Plaintiff's claims, except Plaintiff's challenge to Coxsackie's visitation policy. *See* Dkt. No. 9, Order, dated Jan. 13, 2011. Specifically, Plaintiff stated that he is only allowed to have two adult visitors on the weekends and holidays, that these visitors are not allowed to "switch or swap with other visitors waiting to visit [him]," and that this policy was unique only to Coxsackie. Compl. at ¶ 8. While Judge Hurd noted that "[i]t is well-settled that inmates do not enjoy an absolute right to visitation," the court ultimately held that "[P]laintiff's challenge to the visitation policy in effect at Coxsackie is not likely to survive; nevertheless, [it is] best to allow the [C]omplaint to proceed at this time and to obtain a response from [D]efendant Martuscello[,]" the Superintendent of Coxsackie. Dkt. No. 9, Order, at p. 10.

In response, Defendant Martuscello filed within his Motion for Summary Judgment a Statement of Material Facts, submitted in accordance with this District's Local Rule of Practice 7.1(a)(3), and his Declaration. *See* Dkt. Nos. 25-2, Def.'s Statement Pursuant to Rule 7.1(a)(3) [hereinafter "Def.'s 7.1 Statement"] & 25-3, Daniel F. Martuscello Decl., dated Feb. 2, 2012. Plaintiff did not specifically controvert Defendant's 7.1 Statement nor submit evidence of his own, but rather filed an "Affirmation in Opposition to Defendant's Motion to Dismiss the Complaint."

*See* Dkt. No. 27. However, the material facts here are not in dispute.

## II. DISCUSSION

### A. Standard of Review

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *accord F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994). The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d at 54 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). This liberal standard, however, does not excuse a *pro se* litigant from following the procedural formalities of summary judgment. *Showers v. Eastmond*, 2001 WL 527484, at *2 (S.D.N.Y. May 16, 2001).

### B. Plaintiff's Claims

Again, pursuant to Judge Hurd's Order, Plaintiff's only remaining claim in this action is his claim against Superintendent Martuscello regarding the visitation policy in effect at Coxsackie Correctional Facility.

As an initial matter, this Court recognizes that Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to issues which present an actual "case or controversy." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Linares v. Barkley*, 2010 WL 4962998, at *2 (N.D.N.Y. Oct. 8, 2010). A case is moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal quotation marks and citations omitted); *Lavin v. United States*, 299 F.3d 123,

128 (2d Cir. 2002). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983); *see also Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) ("A case is deemed moot where the problem sought to be remedied has ceased, and where there is no reasonable expectation that the wrong will be repeated.") (internal citation omitted).

If a court determines an action is moot, it may still entertain such action if it is one that is "capable of repetition, yet evading review." *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 594 n.6 (1999). An otherwise moot claim is "capable of repetition" if 1) the duration of the challenged condition was too limited in duration to permit litigation prior to its cessation, and 2) if there is a reasonable expectation that the plaintiff will be subject to the same action again. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).

Plaintiff is currently incarcerated at Sing Sing Correctional Facility. *See* New York State Department of Corrections and Community Supervision ("DOCCS"), Inmate Population Information Search, available at http://nysdoccslookup.doccs.state.ny.us (last visited May 8, 2012, search for inmate name "Cesar Mateo"); *see also* Def.'s 7.1 Statement, at ¶ 3. Defendant attests that because "Plaintiff is no longer subject to the visitation restrictions in place at Coxsackie[, ] there is no case or controversy present[.]" Dkt. No. 25-4, Def.'s Mem. of Law at p. 5. Plaintiff, on the other hand, aptly "rebut[s] this argument because as a prisoner in the State of New York [he] can be transferred back to [D]efendant's custody and housed at [] Coxsackie Correctional Facility[.]" Dkt. No. 27, Pl.'s Opp. at ¶ 8.

While "mere speculation that the parties will be involved in a dispute over the same issue does not rise to the level of a reasonable expectation or demonstrated probability of recurrence," *Van*

*Wie v. Pataki*, 267 F.3d 109, 115 (2d Cir. 2001) (internal quotation omitted), the Court needs not decide this question now, as Plaintiff's claims regarding the visitation policy at Coxsackie plainly lack merit.

It is well-settled law that inmates do no enjoy an absolute right to visitation. *See Block v. Rutherford*, 468 U.S. 576, 589 (1984); *see also Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125-26 (1977) (holding that one of the more obvious constitutional rights curtailed by confinement is the right to freely associate with those outside the penal institution); *Saxon v. Goord*, 2007 WL 1695582, at *4 (W.D.N.Y. June 7, 2007) ("It is well-established that contact visits are a *privilege* for inmates, not a *right*.") (emphasis in original); *Midalgo v. Bass*, 2006 WL 2795332, at *16 (N.D.N.Y. Sept. 26, 2006) ("[F]amily visitations for inmates only constitute a privilege and not a right."). Rather, restrictions that are placed on an prison inmate's visitation rights "may be upheld if they are 'reasonably related to legitimate penological interests.'" *Hernandez v. McGinnis*, 272 F. Supp. 2d 223, 226 (W.D.N.Y. 2003) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)); *see also Overton v. Bazzetta*, 539 U.S. 126, 131-35 (2003) (noting that while the Court would neither hold nor imply that "any right to intimate association is altogether terminated by incarceration," the "freedom of association is among the rights least compatible with incarceration" and that visitation restrictions only must "bear[] a rational relation to legitimate penological interests").

Plaintiff complains that unlike other DOCCS facilities where he has been confined, he is only allowed to have two adult visitors on the weekends and holy days, and that these visitors are not allowed to "switch or swap with other visitors waiting to visit [him]." Compl. at ¶ 8. However, Coxsackie has a limited amount of space where the over 1,000 inmates can receive visitors.

Martuscello Decl. at ¶ 17. Further, more individuals choose to visit the correctional facility on the weekends than on the weekdays, and thus the number of visitors per inmate is limited to two on the weekends as opposed to the four adult visitors inmates may receive during the week. *Id.* at ¶¶ 15-16. Lastly, inmates are not permitted to exchange visitors under Coxsackie's visitation policy because that has "created a problem in the past because when permitted, it allowed an inmate to have multiple visitors in one day and essentially provided those inmates the opportunity to have more daily visitors than was provided for in the [p]olicy . . . . [,] essentially provid[ing] inmates with a method to cheat the [p]olicy." *Id.* at ¶¶ 20-21. Any difference between Coxsackie's visitation program and those of other DOCCS facilities are "likely due to differences in other facility's physical size, inmate population, and visitation requests." *Id.* at ¶ 24.

Accordingly, Defendant's reasons for a limitation on the number of visitors an inmate may receive on the weekends, as well as the reasons for not permitting a visitor exchange program, are rationally related to the penological purposes of the prison system. As such, Plaintiff does not have a valid claim under § 1983 regarding Defendant's visitation policy. In light of this determination, and in awareness of the Supreme Court's "counsel[ of] judicial restraint in the federal courts' review of prison policy and administration, noting that 'courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform,'" *Giano v. Senkowski*, 54 F.3d 1050, 1053 (2d Cir. 1995) (quoting *Turner v. Safley*, 482 U.S. at 84), we conclude that no issue of material facts exists such that a reasonable jury could find that Plaintiff's constitutional rights were violated by Coxsackie's inmate visitation policy, and we recommend that Defendant's Motion for Summary Judgment be **granted**.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 25) be **granted** and this case be **dismissed**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  May 15, 2012
       Albany, New York

Randolph F. Treece
U.S. Magistrate Judge