**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CESAR MATEO,**

                        **Plaintiff,**

    vs.                                              **9:10-cv-1254**
                                                         **(MAD/RFT)**

**DANIEL F. MARTUSCELLO, Superintendent**
**of Coxsackie Correctional Facility, sued in both**
**individual and official capacity,**

                        **Defendant.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**CESAR MATEO**
01-A-4789
Sing Sing  Correctional Facility
354 Hunter Street
Ossining, New York 10562
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**         **MICHAEL G. McCARTIN, AAG**
**STATE ATTORNEY GENERAL**
Albany Office
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### DECISION AND ORDER

      Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging that the visitation

policy at Coxsackie Correctional Facility ("Coxsackie") "is not in the best of [his] interest and

does not maximize [his] rehabilitation process[.]" *See* Dkt. No. 1 at ¶ 8.[1] Specifically, Plaintiff claims that he is only allowed to have two adult visitors on the weekends and holidays, that these visitors are not allowed to "switch or swap with other visitors waiting to visit [him]," and that this policy is unique to Coxsackie. *See id.*

On February 3, 2012, Defendant filed a motion for summary judgment. *See* Dkt. No. 25. In its motion, Defendant argued that it is entitled to summary judgment because (1) the visitation policies at issue are rationally related to a legitimate penological interest and (2) this action is moot because Plaintiff was transferred to Attica Correctional Facility and, therefore, is no longer subject to Coxsackie's visitation policy. *See* Dkt. No. 25-4. Plaintiff, however, argues that this case is not moot because "as a prisoner in the State of New York [he] can be transferred back to [D]efendant's custody and housed at [ ] Coxsackie Correctional Facility[.]" *See* Dkt. No. 27 at ¶ 8.

On May 15, 2012, Magistrate Judge Treece issued a Report-Recommendation and Order recommending that the Court grant Defendant's motion and dismiss Plaintiff's complaint in its entirety. *See* Dkt. No. 32. Magistrate Judge Treece declined to determine whether Plaintiff's challenge is moot, "as Plaintiff's claims regarding the visitation policy at Coxsackie plainly lack merit." *See id.* at 5-6. Specifically, Magistrate Judge Treece recommended the Court find that Defendant's reasons for a limitation on the number of visitors an inmate may receive on the weekends and holidays, as well as the reasons for not permitted a "visitor exchange program, are rationally related to the penological purposes of the prison system." *See id.* at 7. As such,

---

[1] Plaintiff filed his complaint on October 20, 2010 against three named Defendants and several unnamed John Does, all of whom allegedly violated Plaintiff's constitutional rights. *See* Dkt. No. 1. In a January 13, 2011 Order, District Judge David Hurd dismissed all claims except Plaintiff's challenge to Coxsackie's visitation policy against Defendant Martuscello.

2

Magistrate Judge Treece found that Plaintiff does not have a valid claim under section 1983 regarding Defendant's visitation policy. *See id.* Plaintiff did not object to Magistrate Judge Treece's Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, \*1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states

3

that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Treece's May 15, 2012 Report-Recommendation and Order, the record, the parties' submissions and the applicable law, the Court finds that Magistrate Judge Treece correctly recommended that the Court should grant Defendant's motion for summary judgment and enter judgment in Defendant's favor.  Additionally, the Court also finds that Plaintiff's transfer from Coxsackie to Attica Correctional Facility rendered this action moot. *See Ehrenberg v. Goord*, 7 Fed. Appx. 80, 83 (2d Cir. 2001) (finding a prisoner's challenge to a policy that was specific to inmates housed at the Elmira Correctional Facility to be moot when the prisoner had been transferred to a different prison facility after his action had been commenced).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Treece's May 15, 2012 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons stated therein and as set forth in this Order; and the Court further

**ORDERS** that Defendant's motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED** as moot, and, in the alternative, for the reasons set forth in Magistrate Judge Treece's May 15, 2012 Report-Recommendation and Order; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**CERTIFIES** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this Order would not be taken in good faith; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 13, 2012
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge